IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Edward Lee Kirkwood, | Case No. 3:11 CV 2493 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Gary C. Mohr, et al., | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Edward Lee Kirkwood filed this action under 42 U.S.C. §1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary C. Mohr, ODRC Chief Medical Inspector John Desmarais, ODRC Assistant Chief Medical Officer Mona Parks, Allen Correctional Institution ("ACI") Warden John L. Coleman, ACI Institutional Inspector Edward Dunn, former ACI Health Care Administrator Pam Neal, former ACI Health Care Administrator Todd Wilkerson, current ACI Health Care Administrator M. Klingler, former ACI Chief Medical Officer Dr. M. Shank, and current ACI Chief Medical Officer C. Perez. Plaintiff alleges he was denied proper medical care. He seeks monetary damages.

### BACKGROUND

Plaintiff complained of multiple medical issues to ACI prison personnel in September 2007 and was diagnosed with an abdominal hernia (Doc. No. 1 at 4). ACI Medical Staff provided Plaintiff with a hernia belt; however, he continued to report discomfort and pain in his back and lower extremities (Doc. No. 1 at 4-5). He requested surgery from medical personnel but was told he was receiving appropriate medical care (Doc. No. 1 at 5). He filed grievances but did not receive

the desired response (Doc No. 1 at 5). Plaintiff states he once developed renal failure as a result of being over-medicated, and he was treated by medical personnel from St. Rita's Medical Center (Doc. No. 1 at 5). He also claims, without explanation, he was not given pain medication after being ejected from an emergency transport vehicle (Doc. 1 at 6). Plaintiff asserts violations under the Eighth Amendment.

## STANDARD OF DISMISSAL

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it lacks an arguable basis in law or fact, or if it fails to state a claim upon which relief can be granted. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996). Moreover, *in forma pauperis* claims may be dismissed *sua sponte* without notice or service of process if the court invokes Section 1915(e) and dismisses the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. While Plaintiff is not required to include detailed factual allegations, he must provide more than "an unadorned,

the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 129 S. Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing the Complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *See Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## ANALYSIS

The Eight Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Id.* at 103. In *Wilson v. Seiter*, the Supreme Court set forth a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment" prohibited by the Eighth Amendment. 501 U.S. 294, 298 (1991).

First, Plaintiff must plead facts which, if true, establish a serious deprivation has occurred. *Id.* Seriousness is measured objectively, in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle*, 429 U.S. at 103). Second, Plaintiff must establish a subjective element: he must demonstrate prison officials acted with a culpable mental state. *Hudson*, 503 U.S. at 9. Routine discomforts of prison life do not suffice. *Id*. Only "deliberate indifference" to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* "Deliberate indifference" is characterized by obduracy or wantonness -- it cannot be predicated on negligence, inadvertence, or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994).

In the present case, Plaintiff fails to allege sufficient facts to support both the objective and subjective elements of his Eighth Amendment claim. First, Plaintiff fails to allege facts suggesting a sufficiently serious deprivation occurred. After he was diagnosed with an abdominal hernia, Plaintiff was provided with a hernia belt. He requested surgery but was told his current treatment was appropriate for his condition. Plaintiff also states he developed renal failure after overdosing on medication, which required treatment from medical personnel at St. Rita's Center. The Eighth Amendment prohibits prison officials from depriving inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). It does not guarantee prisoners unlimited access to the medical treatment of their choice. *See Reynolds v. Wagner*, 128 F.3d 166, 173-75 (3d Cir.1997). Although a hernia and renal failure are arguably serious health conditions, there are no allegations in the Complaint suggesting Plaintiff was denied necessary medical treatment.

Plaintiff also claims he was not given pain medication after he was ejected from an emergency transport vehicle. However, Plaintiff fails to indicate the nature or extent of his injuries, and has not shown what medical treatment -- if any -- was required.

Second, even if Plaintiff had alleged he was denied medical care, he has not demonstrated Defendants were deliberately indifferent to his serous medical needs. The Complaint does not contain any specific allegations against Defendants. The subjective component of an Eighth Amendment claim requires Plaintiff to show Defendants knew of, and acted with deliberate indifference to, his health or safety. *See Wilson*, 501 U.S. at 302-03. To meet this standard, Plaintiff must allege facts suggesting Defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. *Farmer*, 511 U.S. at 837. Plaintiff includes

as Defendants the former and current ACI Health Care Administrators, the former and the current ACI Chief Medical Officers, and the ACI Warden. There are no allegations in the Complaint indicating any of these individuals actually knew about Plaintiff's medical condition and personally made decisions that posed a substantial risk to his health. Without these factual allegations, Plaintiff cannot satisfy the subjective element of his claim against these Defendants.

In addition, Plaintiff bases the subjective element of his claims against Mohr, Desmarais, Parks, and Dunn on their responses to his grievances. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under the Eighth Amendment. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). The denial of the grievance is not the same as the denial of a request to receive medical care. *See Martin v. Harvey*, No. 00-1439, 2001 WL 669983, at *2 (6th Cir. June 7, 2001).

## CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to Section 1915(e). Plaintiff's Motion for appointment of counsel (Doc. No. 3) is denied as moot. Furthermore, under Section 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED

                                                       s/ *Jack Zouhary*
                                                       JACK ZOUHARY
                                                       U. S. DISTRICT JUDGE
                                                         March 2, 2012